IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



BARRY W. CRISCO, §
 §
Plaintiff, §
 §
VS. § NO. 4:10-CV-418-A
 §
LOCKHEED MARTIN CORPORATION, §
 §
Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, Lockheed Martin Corporation, to dismiss the complaint of plaintiff, Barry W. Crisco, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. After having reviewed the complaint, defendant's motion to dismiss, and plaintiff's response, the court has concluded that defendant's motion is meritorious, but that plaintiff should be permitted to file an amended complaint that complies with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.

I.

Plaintiff's Claims and Defendant's Motion

Plaintiff's complaint consists of a single paragraph typed in the body of a form complaint for use by pro se parties in filing a civil action. His allegations are that, beginning on

July 12, 1999, when he was laid off, and continuing through the present day, defendant:

- "consistently and continually discriminated against him (specifically, age discrimination) in the hiring, retention, promotion, and assignment of Plaintiff in his attempts to be re-hired with Defendant company, both with respect to his previously-held position and with respect to other positions at the company for which he has also applied;"
- "intentionally refused to re-hire him, in derogation of his legal rights and in favor of younger employees;"
- "unlawfully terminated him from his previously-held position, in violation of both federal and State employment law;"
- "breached its employment contract with the instant Plaintiff;" and
- "committed numerous other violations of law."

Compl. at cover.

In the motion to dismiss, defendant argues that if the complaint is understood to allege claims under Chapter 21 of the

Texas Labor Code,[1] the court lacks subject matter jurisdiction over such claims because plaintiff has failed to exhaust his administrative remedies. Defendant argues, alternatively, that plaintiff's complaint fails to state a claim on which relief can be granted under any law because it alleges only conclusions, and no facts.

II.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the Supreme Court has made clear that the showing contemplated by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009). Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare

---

[1] Chapter 21 of the Texas Labor Code prohibits discrimination in employment based on race, color, disability, religion, sex, national origin, or age. See Tex. Lab. Code Ann. § 21.051 (Vernon 2006).

3

legal conclusions that are unsupported by any factual underpinnings. Id. at 1950.

Moreover, to survive a motion to dismiss for failure to state a claim, a complaint must plead facts that allow the court to infer that plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id.; Twombly, 550 U.S. at 566-69.

III.

Analysis

As it stands, plaintiff's complaint fails to meet the standard set forth in Rule 8(a)(2). The allegations therein are nothing more than conclusory assertions that defendant harmed plaintiff, which, as Twombly and Iqbal make clear, are insufficient by themselves to state a claim upon which relief may be granted. If plaintiff chooses to file an amended complaint, he should make sure to plead facts supporting his alleged causes of action, bearing in mind that Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff should also bear in mind when filing an amended complaint the requirement in Rule 8(a)(1) that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff should allege facts demonstrating either that the action arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or that the parties are citizens of different states and the amount in controversy between them exceeds $75,000, exclusive of interest and costs, id. § 1332.[2]

IV.

Order

Consistent with the foregoing,

The court ORDERS that plaintiff have until 2:00 p.m. on August 20, 2010, to file an amended complaint that complies with the Federal Rules of Civil Procedure and the applicable local civil rules of this court.

The court further ORDERS that if plaintiff fails to comply with this order, the court will consider the dismissal, without

---

[2] In his response to the motion to dismiss, plaintiff explained that the court has jurisdiction because he sued defendant under the Age Discrimination in Employment Act and because he and defendant are citizens of different states, and the amount in controversy exceeds $75,000. However, Rule 8 requires that a statement of the court's jurisdiction be included in a "pleading," and plaintiff's response to defendant's motion is not a pleading. See Fed. R. Civ. P. 7(a).

5

further notice, of all claims and causes of action plaintiff purports to bring against defendant.

SIGNED August 4, 2010.

_____
JOHN McBRYDE
United States District Judge