U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 29 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARRY W. CRISCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-418-A |
| | § | |
| LOCKHEED MARTIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary judgment of defendant, Lockheed Martin Corporation. After having considered such motion, the response in opposition of plaintiff, Barry W. Crisco, defendant's reply, the summary judgment record, and applicable legal authorities, the court has concluded that such motion should be granted.

I.

Nature of Plaintiff's Claim and
Grounds of Defendant's Motion

Plaintiff initiated this action by filing a complaint against defendant on June 14, 2010. Plaintiff's current pleading is his amended complaint filed August 20, 2010. He claims that defendant is liable to him under the Age Discrimination in

Employment Act ("ADEA") for failing to rehire him in November 2009 when he applied for an opening in defendant's shipping department.[1]

Defendant moves for summary judgment on the ground that plaintiff has no evidence of pretext to rebut defendant's legitimate, nondiscriminatory reasons for its hiring decision.

II.

Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff was employed in defendant's shipping department from July 1981 until July 1999. For much his employment, plaintiff held the position of Crater-Packer A. The responsibilities of a Crater-Packer A include building wood shipping containers and packing those containers with items defendant needs to ship. Building a container is a two-step process; one Crater-Packer A measures and cuts pieces of wood to certain specifications and another Crater-Packer A assembles those pieces of wood into a container. Although Crater-Packer A employees may perform either step in the process, they often

---

[1] Plaintiff appeared to assert other claims against defendant by the amended complaint; however, those claims were dismissed by order signed in this action on October 25, 2010.

2

specialize in one step for extended periods of time.  Plaintiff spent most of his time as a Crater-Packer A assembling containers from wood pieces that someone else had already cut.  He rarely cut the pieces used to build the containers.

In July 1999, plaintiff was terminated as part of a reduction-in-force.  From the time he was terminated until roughly 2008, plaintiff held several jobs, each for a relatively short period of time.  None of those jobs required plaintiff to perform tasks similar to those performed by a Crater-Packer A, and none involved working with wood.

In November 2009, defendant sought to fill two open Crater Packer A positions.  Ronald Towles ("Towles"), 55, and Russell Gillilan ("Gillilan"), 59, were defendant's supervisors in charge of hiring for the open positions.  Towles and Gillilan wanted to hire individuals with strong woodworking skills who could work autonomously, without constant supervision.  Towles and Gillilan believed individuals with strong woodworking skills would be the most valuable hires because such individuals would be able to perform the measuring, cutting, packing, and assembling duties of the position, whereas individuals without strong woodworking skills would be limited to assembling and packing.

Towles and Gillilan interviewed several applicants for the open positions, including plaintiff. At the conclusion of the interviews, Towles and Gillilan discussed the applicants and agreed that Patrick Lee ("Lee") and Kenneth McCormick ("McCormick") were the most qualified applicants. As a result, Lee and McCormick were offered a position, and plaintiff was not. At the time, plaintiff was 48 years old. Lee and McCormick were 42 and 48, respectively.

Plaintiff was notified that he did not get the job around November 10, 2009. On November 24, 2009, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Fort Worth Community Relations Department ("FWCRD"), alleging that he was not hired for a Crater-Packer A position because of his age. On February 3, 2010, the FWCRD issued a determination that there was no reasonable cause to believe the allegations in the charge were true. The EEOC adopted the findings of the FWCRD and issued notice of right to sue. This action followed.

### III.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim if "there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can carry this burden by pointing out the absence of evidence to support an essential element of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner in which such evidence supports its claim. Id. at 324; Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to conclude that the nonmovant has established each essential element of the nonmovant's claim, there is no genuine dispute for trial, and summary judgment is

appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

IV.

<u>Analysis</u>

A.  <u>Applicable Burdens of Proof and Production Under the ADEA</u>

The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on his claim, plaintiff must prove by a preponderance of the evidence that his age was the "but-for" cause of defendant's decision not to hire him. <u>Gross v. FBL Fin. Servs., Inc.</u>, --- U.S. ---, 129 S. Ct. 2343, 2351 (2009); <u>Moss v. BMC Software, Inc.</u>, 610 F.3d 917, 922 (5th Cir. 2010).

Because plaintiff has no direct evidence of discrimination, the court analyzes his claim using the burden-shifting framework outlined in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973).[2] The framework is familiar. Plaintiff has the initial burden to present evidence sufficient to establish a

---

[2]Although the Supreme Court has not definitely decided whether use of the <u>McDonnell Douglas</u> framework is appropriate in the ADEA context, the Fifth Circuit has stated that it is bound by circuit precedent to apply such framework to ADEA claims. <u>Jackson v. Cal-Western Packaging Corp.</u>, 602 F.3d 374, 378 (5th Cir. 2010).

6

prima facie case. Moss, 610 F.3d at 922. If he does, a presumption arises that defendant discriminated against him, and the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for its hiring decision. Id. Once defendant articulates such a reason, the presumption created by plaintiff's prima facie case disappears, and plaintiff must point to evidence in the record from which a rational fact finder could conclude that the reason given by defendant is merely pretext, and that the real reason defendant did not hire him was his age. Id.

B. **Defendant Articulated a Legitimate, Nondiscriminatory Reason for Its Hiring Decision, and Plaintiff Has No Evidence of Pretext**

The court has serious doubts about whether plaintiff can establish a prima facie case. To establish a prima facie case of age discrimination, plaintiff must show that (1) he was at least forty years old when he applied for the position at issue; (2) he was qualified for the position; (3) he was rejected despite his qualifications; and (4) he was rejected under circumstances creating an inference that defendant's decision was based on age. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996); McLaren v. Morrison Mgmt. Specialists, Inc., 420 F.3d 457, 462 (5th Cir. 2005). The court does not see how plaintiff

can establish the fourth element. One of the individuals defendant ultimately decided to hire was the same age as plaintiff (McCormick), and the other was insignificantly younger (Lee). In addition, the individuals in charge of making the decision, Towles and Gillilan, were much older than plaintiff. If anything, the circumstances suggest that defendant's decision was *not* based on age.

Nevertheless, because defendant does not move for summary judgment on the ground that plaintiff cannot establish a prima facie case, the court will assume that he can. Defendant asserted as its legitimate, nondiscriminatory reason for not hiring plaintiff that Towles and Gillilan believed Lee and McCormick were more qualified. See Jefferies v. Harris County Cmty. Action Ass'n, 693 F.2d 589, 590 (5th Cir. 1982) (per curiam). To preclude summary judgment, plaintiff must identify evidence in the record from which a rational fact finder could conclude that such reason is merely pretext for age discrimination.

The court has concluded that plaintiff has failed to identify any such evidence. Plaintiff did not cite to any part of the record in his response in opposition to the motion for summary judgment. He did submit, in the appendix to his

8

response, two declarations, one by James Lineman ("Lineman"), and the other by Kenneth Umholtz ("Umholtz"). However, neither Lineman's nor Umholtz's declaration is competent summary judgment evidence. Neither declaration is subscribed by the declarant as true "under penalty of perjury." Such defect, alone, makes the declarations incompetent to raise a factual dispute precluding summary judgment. <u>Nissho-Iwai Am. Corp. v. Kline</u>, 845 F.2d 1300, 1306 (5th Cir. 1988). The declarations are also inadequate from an evidentiary standpoint because Lineman's declaration fails to show that the declarant is competent to testify about the matters stated therein, and Umholtz's declaration is based entirely on inadmissible hearsay.[3] <u>See</u> Fed. R. Civ. P. 56(c)(4) ("An

---

[3]The pertinent portion of Lineman's declaration states:

2. I am, currently, employed in the Lockheed Martin Shipping Department, as a Crater Packer A, and I am the employee in that position who is responsible for running of the woodshop at that facility. I have been employed by Lockheed Martin for __25__ years, during which time I have developed and acquired extensive experience and expertise in the requirements necessary to work in the department in general, and in the woodshop in particular.

3. I know, for a fact that, of the two individuals who were hired for the Crater Packer A position for which the Plaintiff in this lawsuit, Barry Crisco, was interviewed, one of them, whose name I believe to be Patrick Lee, had, absolutely, no woodshop experience, prior to being hired for the Crater Packer A position.

Pl.'s App., Lineman Decl. at 1-2.

The pertinent portion of Umholtz's declaration states:

(continued...)

affidavit or declaration used to support or oppose a motion must . . . set out facts admissible in evidence[] and show that the affiant or declarant is competent to testify on the matters stated.").

In his response to defendant's motion, plaintiff appears to argue that defendant's stated reason for not hiring him must be pretext because he was more qualified than Lee and McCormick by virtue of his having worked in defendant's shipping department for eighteen years. Plaintiff can show pretext by showing that he was "clearly better qualified" than the applicants who were selected. Moss, 610 F.3d at 922. However, his "attempt to equate years served with superior qualifications is unpersuasive." Id. at 923 (internal quotation marks, ellipsis, and brackets omitted). There is ample summary judgment evidence indicating that Lee and McCormick were more qualified than plaintiff for the Crater-Packer A position. First, they had extensive and recent experience working with wood, reading

---

[3](...continued)
2. I know, through my own conversations with Lockheed Managerial personnel, that Lockheed managers had decided, before Barry Crisco was interviewed for the Crater Packer A position, that they would not hire him for that position, regardless of his qualifications for the position. I know this because I was told this, in direct conversation with Joe Sanchez, who was the fill-in supervisor for us at that time.

Pl.'s App., Umholtz Decl. at 1.

blueprints, and operating woodworking equipment. Plaintiff, on the other hand, had comparatively little woodworking experience and had not worked with wood at all for at least a decade prior to applying for the position. Lee and McCormick also had other relevant qualifications for the job that plaintiff did not have. For example, Lee was trained in the 5S, Six Sigma, and Lean Manufacturing production philosophies used by defendant, and McCormick was certified in first aid and licensed to operate a forklift. Finally, when asked during their interviews how they would respond to certain workplace problems, Lee and McCormick gave concrete examples of how they had resolved such problems in the past and explained how they would resolve such problems independently. Plaintiff, when asked the same questions, said only that he would "go ask management what to do."

For the reasons given above, plaintiff has failed to identify any evidence that would cast even remote doubt on the veracity of defendant's legitimate, nondiscriminatory reason for not hiring him. As a result, summary judgment is appropriate.

V.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that plaintiff's claim that defendant is liable to him under the ADEA for its failure to hire him in November 2009 be, and is hereby, dismissed with prejudice.

SIGNED March 29, 2011.

_____
JOHN McBRYDE
United States District Judge